UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SALVADOR NEDUELAN, | ) | Case No. ED CV 20-290-SP |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND |
| WERNER ENTERPRISES, INC., et al., | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

Defendants Werner Enterprises, Inc. and Drivers Management, LLC initiated the instant federal case by removing it from the San Bernardino County Superior Court to this court on February 12, 2020, claiming diversity jurisdiction. This was not the first time defendants removed the underlying state case to this federal court. Defendants first removed the case to this court almost one year earlier, also based on alleged diversity jurisdiction. This court remanded it to the Superior Court, finding defendants had not met their burden to show diversity of citizenship between the parties.

On March 13, 2020, plaintiff Salvador Neduelan filed a motion to again remand this case to state court and seeking monetary sanctions (docket no. 14). Plaintiff's motion is supported by the declaration of plaintiff's counsel Greg

Taylor. Defendants filed their opposition ("Opp.") to the motion on April 7, 2020. Defendants' opposition is supported by the declarations of defense counsel Peter Maretz and the vice president of defendant Werner Enterprises, Stefanie Christensen, and exhibits thereto. On April 14, 2020, plaintiff filed his reply supported by an additional exhibit and declaration of plaintiff's counsel. Plaintiff concurrently filed objections to defendants' declarations.

After considering the information provided and arguments advanced and the record before it, the court now grants plaintiff's motion to remand for the reasons discussed below.

## II. BACKGROUND

On December 11, 2018, plaintiff filed an action in San Bernardino County Superior Court alleging defendants wrongfully terminated him from his job as a truck driver. Defendants removed the case to federal court on February 26, 2019, alleging diversity jurisdiction, in case number ED CV 19-369-R (SPx). Plaintiff moved to remand the case to state court.

On May 10, 2019, this court granted plaintiff's motion to remand on the ground that defendants had not met their burden of demonstrating complete diversity between the parties. *See* case no. ED CV 19-369-R (SPx), docket no. 17. The court found the parties had misstated the law for determining the citizenship of a limited liability company, stating that for purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which its members are citizens. *Id.* The court held defendants had failed to provide evidence of the citizenship of the members of defendant Drivers Management, LLC, and therefore failed to meet their burden to show this court has subject matter jurisdiction. *Id.* The court found it unnecessary to determine whether defendants had sufficiently pled an amount in controversy exceeding $75,000. *Id.*

On February 12, 2020, defendants again removed the action to federal court, thus initiating this case.

## III. DISCUSSION

### A. Legal Standard

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A remand may be ordered for lack of subject matter jurisdiction or for a defect in the removal process. *See* 28 U.S.C. § 1447(c). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Further, there is generally a strong presumption in favor of remand. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Under 28 U.S.C. § 1441(a), a civil action brought in state court over which a federal court has original jurisdiction may be removed by a defendant to the district court in the district in which the state court is located. The notice of removal must contain "a short and plain statement of the grounds for removal," and be filed within 30 days of receipt of the initial pleading, or service of a summons if the initial pleading is not required to be served. 28 U.S.C. § 1446(a)-(b). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted).

### B. New Evidence of the Amount in Controversy Is Not a New or Different Ground For Removal That Would Justify This Second Removal

The parties raise multiple arguments, including whether defendants' second notice of removal is timely, if defendants present new and different grounds for removal, and if defendants have now satisfied the requirements for complete diversity and the amount in controversy. The court need not reach all these arguments, because defendants have not presented any pertinent new or different grounds for removal that were unknown at the time they first removed this action to federal court, such that a second removal would be proper.

28 U.S.C. § 1447(d) provides that a remand order is "not reviewable on

appeal or otherwise" except in a narrow subset of cases covered by §§ 1442 and 1443.  The language of  § 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988).  "[O]nce a district court has remanded a case, a defendant generally may not remove the case to federal court a second time." *Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of California*, 2012 WL 3638506, at *3 (E.D. Cal. Aug. 22, 2012). Accordingly, "a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." *Andersen v. Schwan Food Co.*, 2014 WL 1266785, at *4 (C.D. Cal. Mar. 26, 2014).

      Nonetheless, a defendant may remove a case a second time if "subsequent pleadings or events reveal a *new* and *different* ground for removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (quoting *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979)).  These new grounds must be based on new facts or law unknown to the defendant at the time of the first removal petition. *See Fed. Home Loan Mortg. Corp. v. Pulido*, 2012 WL 5199441, at *2 (N.D. Cal. Oct. 20, 2012) ("[A]bsent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11.").

      Defendants argue a new and different ground for removal exists here because plaintiff allegedly withheld evidence necessary to establish the amount in controversy until after the one-year period set forth in 28 U.S.C. § 1332(c) had passed.  *See* Opp. at 8-11.  Defendants contend they were unable to establish the amount in controversy because plaintiff did not provide a settlement demand until January 14, 2020 and refused to respond to defendants' requests for admission regarding the value of the case.  *Id.* at 9-11.  Although plaintiff argues a party's opening settlement demand cannot constitute evidence of the amount in

controversy, Ninth Circuit caselaw states otherwise. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *but see McIntyre v. US Airways*, 2009 WL 10672577, at *3 (C.D. Cal. Nov. 12, 2009) (an initial settlement demand was not a reasonable estimate of the plaintiff's claim where the plaintiff appeared to have suffered minimal injury from the defendant's actions). The parties dispute the reason plaintiff did not provide a settlement demand until January 2020, and whether defendants had other evidence of the amount in controversy that could have been submitted to support their first removal is unclear.

     Regardless, defendants do not explain why this additional evidence of the amount in controversy is relevant for purposes of supporting a second removal. Most crucially, defendants skirt the fact that the case previously was remanded based on insufficient evidence of complete diversity, not lack of evidence of the amount in controversy. In other words, defendants contend their second removal is proper because they have now remedied a deficiency other than the one identified by the court as the basis for the prior remand. Such an argument is not supported by the caselaw. Indeed, the types of circumstances that create new grounds for removal require a showing that the "posture of the case has so changed that it is substantially a new case." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) (quoting *One Sylvan Rd. N. Associates v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 65 (D. Conn. 1995)). Such a change in circumstances requires, for example, an intervening change in law that creates a new basis for subject matter jurisdiction. *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).

     There is no indication here that a new and different ground exists such that a second removal would be proper. Defendants' first notice of removal was defective because they failed to provide sufficient evidence of the parties'

citizenship. Whether defendants are now able to provide additional evidence of the amount in controversy is beside the point; it does not significantly alter the posture of the case such that the case is substantially different. Likewise, although defendants argue they have evidence showing defendant Drivers Management is a citizen of Nebraska, they do not point to any new evidence unknown to them at the time of the first removal, and certainly nothing that amounts to a new and different ground for removal.

In short, defendants lack any relevant new facts or law to warrant a second removal, and as such their second removal amounts to an improper motion for reconsideration by this court. Given that defendants' second removal on essentially the same grounds as the first was improper, the court will remand the case on that basis and does not find it necessary to address the parties' remaining arguments and objections with respect to remand.

**C.     The Court Will Not Award Sanctions at This Time**

In addition to remand, plaintiff seeks monetary sanctions for the costs and attorney's fees incurred in bringing the instant motion. Mtn. at 15. Under 28 U.S.C. § 1447(c), an order remanding a case may require payment of costs and fees incurred as a result of the removal. A finding of bad faith is not required to award attorney's fees. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

As discussed above, defendants' second notice of removal appears to be an improper attempt to seek reconsideration after correcting some of the deficiencies in their first notice of removal. But giving defendants the benefit of the doubt, it may be the case that they removed the action under the good faith belief that a second removal was proper. Accordingly, although plaintiff is well justified in seeking sanctions, the court finds sanctions are not warranted at this time. But the court cautions defendants that further attempts to remove this case without some significant and pertinent change to the nature of this action would likely result in

sanctions.

## IV. ORDER

For the foregoing reasons, plaintiff's request for sanctions is denied, but plaintiff's Motion for Remand (docket no. 14) is otherwise granted as set forth above. IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the California Superior Court for San Bernardino County.

DATED: April 28, 2020

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE